UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BENJAMIN TABAYOYONG CARIDAD,<br><br>   Petitioner,<br><br>v.<br><br>CINDY BLACK,<br><br>   Respondent. | Case No. 2:21-cv-00704-JDP (HC)<br><br>ORDER GRANTING PETITIONER'S APPLICATION TO PROCEED IN FORMA PAUPERIS<br><br>ECF No. 3<br><br>ORDER FINDING THAT THE PETITION DOES NOT STATE A COGNIZABLE FEDERAL CLAIM AND GIVING LEAVE TO AMEND WITHIN SIXTY DAYS<br><br>ECF No. 1 |

  Petitioner Benjamin Tabayoyong Caridad, an individual involuntarily confined in a state hospital, seeks a writ of habeas corpus under 28 U.S.C. § 2254. ECF No. 1. The petition is before me for preliminary review under Rule 4 of the Rules Governing Section 2254 Cases. Under Rule 4, the judge assigned to the habeas proceeding must examine the habeas petition and order a response to the petition unless it "plainly appears" that the petitioner is not entitled to relief. *See Valdez v. Montgomery*, 918 F.3d 687, 693 (9th Cir. 2019); *Boyd v. Thompson*, 147 F.3d 1124, 1127 (9th Cir. 1998). Here, it plainly appears that petitioner is not entitled to relief. I will give petitioner an opportunity to amend before recommending that the petition be dismissed. I will also grant his application to proceed *in forma pauperis*. ECF No. 3.

Petitioner raises three claims that are insufficiently developed to proceed.  First, he argues that his trial counsel was constitutionally ineffective and had a conflict of interest.  ECF No. 1 at 5.  He does not explain how counsel was ineffective or what conflict of interest existed.  Second, petitioner argues that his involuntary commitment "did not support [his] mental disorder's serious difficulty controlling behavior." *Id.*  He does not elaborate, and I do not understand the substance of this claim.  Finally, petitioner claims that the trial court violated his right to a speedy trial by admitting hearsay evidence.  *Id.*  Again, he does not elaborate.  Such vague claims cannot support habeas relief.  If this action is to proceed, petitioner will need to file an amended petitioner that explains and contextualizes his claims.  *Greenway v. Schriro*, 653 F.3d 790, 804 (9th Cir. 2011) (holding that "cursory and vague claim[s] cannot support habeas relief").

I will allow petitioner to amend his petition before I recommend that it be dismissed.

It is ORDERED that:

1. Petitioner's application to proceed in forma pauperis, ECF No. 3, is granted.

2. Petitioner may file an amended petition within sixty days of this order's entry.  If he does not, I will recommend that the current petition be dismissed for the reasons stated in this order.

3. The Clerk of Court is directed to send petitioner a federal habeas form.

IT IS SO ORDERED.

Dated:   May 5, 2021

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE